BARBARA R. WELTON, Appellant, v. CLAUDE S. WELTON, Respondent.— In an action by a wife against her husband for a judicial separation, the plaintiff appeals from so much of a judgment of the Supreme Court, Queens County, entered February 23, 1961 upon the decision of the court after a nonjury trial,

as limited to $500 the award of counsel fees to her, and as denied costs and disbursements to her. Judgment modified on the facts by increasing to $1,500 the award of counsel fees to plaintiff. As so modified, judgment, insofar as appealed from, affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Although the judgment of separation which awarded plaintiff alimony and support for herself and her son in the total amount of $100 a week was the result of a stipulation entered into by the parties, the legal services necessarily rendered by plaintiff's counsel were greater than those normally required in an uncontested matrimonial action. Because of the conduct of the defendant in failing to comply with the order awarding alimony *pendente lite,* the plaintiff's attorney was forced to expend a great number of hours in the preparation and institution of separate proceedings to compel compliance with the order *pendente lite,* i.e., sequestration, injunction, contempt, demand for defendant's address, and the defense of an appeal from an order of sequestration. These separate proceedings are to be considered in determining the reasonable value of counsel's services in protecting the interests of a client in a matrimonial action. Further, in view of the fact that on the motion for temporary alimony and counsel fees the Special Term referred the question of counsel fees to the trial court, the services rendered by plaintiff's counsel cannot be deemed past services for which the court is precluded from allowing counsel fees. (See *Hirschberg* v. *Hirschberg,* 7 A D 2d 869; *Schnurer* v. *Schnurer,* 2 A D 2d 881.) Under all the circumstances, we are of the opinion that the sum of $1,500 is a fair and reasonable allowance for counsel fees for the services rendered by plaintiff's attorney in this action. We also find that the court did not abuse its discretion in denying costs and disbursements to the plaintiff (Civ. Prac. Act, §§ 1173, 1477). Defendant's time to pay the increased counsel fee hereby fixed is extended until 20 days after entry of the order hereon. Beldock, P. J., Ughtta, Kleinfeld, Brennan and Hill, JJ., concur.